UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**ANTHONY BROWN # 374007**            **CASE NO.  6:24-CV-01213 SEC P**

**VERSUS RANDY**                               **JUDGE ROBERT R. SUMMERHAYS**

**WARDEN**                                         **MAGISTRATE JUDGE WHITEHURST**

### REPORT AND RECOMMENDATION

Pro se petitioner Randy Anthony Brown, an inmate in the custody of Louisiana's Department of Corrections, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 on September 3, 2024.  Petitioner attacks his 2020 conviction and subsequent sentence imposed thereon by the 16th Judicial District Court, St. Mary Parish.  For the following reasons it is recommended that the petition be deemed second and successive and be **DISMISSED WITHOUT PREJUDICE**.

   I.     BACKGROUND

Petitioner Randy Anthony Brown pled guilty to one count of aggravated second-degree battery and was sentenced on October 27, 2020, to a term of seven years. Doc. 1, p. 1.     Petitioner has litigated various issues regarding his conviction and sentence in the state courts.  But most relevant to the instant petition, he has previously sought federal habeas relief in this court for the same conviction and sentence through a petition filed in this court under 28 U.S.C. § 2254 on September 14, 2023, which was denied and dismissed as untimely.  *See Brown v. Warden*, No. 6:23-cv-1286 (W.D. La. August 9, 2024).

The petition presently before this Court challenges the same conviction and sentence raised in the previous petition.

## II. LAW AND ANALYSIS

Rule 4 of the Rules Governing Section 2254 Cases in federal district courts authorizes a habeas corpus petition to be summarily dismissed when it appears the petition is not entitled to relief. The Fifth Circuit recognized a district court's authority under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (The Court has a duty to screen out frivolous habeas applications eliminating respondent's burden to file an unnecessary answer). From the face of the instant petition and court records, it is apparent this is a second or successive petition. *See* 28 U.S.C. § 2244(b)(2) (requiring dismissal of a second or successive petition filed by a state prisoner pursuant to 28 U.S.C. § 2254).

A claim presented in a second or successive application that was not presented in a prior application must be dismissed unless: (1) the applicant shows the claim relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court that was previously unavailable; or (2) the factual predicate for the claim could not have been discovery previously through the exercise of due diligence, and but for the constitutional error, no reasonable fact finder would have found the applicant guilty. 28 U.S.C. § 2244(b)(2). Further, before a second or successive application is filed in the district court, the applicant must move in the court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A).

This Court has already determined that Petitioner's previous 2023 federal habeas application was time barred. Further, Petitioner cites to no new precedent in support of his claim, nor has he obtained permission to file a successive petition from the Fifth Circuit Court of Appeals. See 28 U.S.C. § 2244 (b)(3)(A); *Hernandez v. Thaler*, 630 F.3d 420, 427 (5th Cir. 2011) (when a

"filing is construed as a second or successive habeas petition, then it must be dismissed); *Leal Garcia v. Quaterman*, 573 F.3d 214, 219 (5th Cir. 2009) ("AEDPA requires a prisoner to obtain authorization from the federal appellate court in his circuit before he may file a 'second or successive' petition for relief in federal district court. Without such authorization, the otherwise-cognizant district court has no jurisdiction to entertain a successive § 2254 petition.")

Because Petitioner has presented neither argument nor evidence indicating he will be able to make a prima facie showing his application satisfies the statute, dismissal without prejudice would be more efficient and would better serve the interests of justice than a transfer to the Fifth Circuit.

Therefore,

**IT IS RECOMMENDED** that the instant petition be **DISMISSED WITHOUT PREJUDICE** to Petitioner's right to file a motion in the United States Court of Appeals for the Fifth Circuit for leave to file a successive § 2254 petition.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District

Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

THUS DONE in Chambers on this 3rd day of January, 2025.

**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**